**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLEGHENY ENERGY MANAGEMENT, LLC<br>1805 Shea Center Drive, Suite 210<br>Highlands Ranch, Colorado 80129<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>U.S. FISH AND WILDLIFE SERVICE<br>1849 C. St. NW<br>Washington, DC 20240<br><br>　　　　　Defendant. | Civil Action No.: _____ |

**COMPLAINT**

Plaintiff Allegheny Energy Management, LLC ("Allegheny Energy" or "Plaintiff") brings this action against Defendant U.S. Fish and Wildlife Service ("DFWS" or "Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.　　The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.　　Venue is proper in this district pursuant 5. U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

3.　　Plaintiff is a limited liability company registered in Colorado.

1

4. Defendant is an agency of the United States Government and its headquarters are located at 1849 C St., NW, Washington, DC 20240. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. Plaintiff submitted FOIA requests to Defendant by electronic submission on the following dates: May 2, 2024; June 18, 2024; September 26, 2024; December 11, 2024; February 3, 2025; and February 3, 2025. Copies of the confirmation of submissions, containing the FOIA Requests, are attached hereto as **Exhibit A**.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with the requests within twenty (20) working days and to notify Plaintiff immediately of its determination, the reasons therefore, and the right to appeal any adverse determination. Defendant's determinations are significantly overdue.

9. On May 12, 2025, counsel for Plaintiff wrote to the Department of Interior's Public Liaison for FOIA requests and requested a determination and documents regarding those requests within five (5) business days. A copy of the May 12, 2025 email is attached hereto as **Exhibit B**.

10. On May 13, 2025, the Public Liaison advised Plaintiff's counsel that Defendant's FOIA office would provide a status on Plaintiff's requests by May 15, 2025. A copy of the May 13, 2025 email from the Public Liaison for the Department of Interior's FOIA requests is attached hereto as **Exhibit C**.

11. To date, no response on the status of Plaintiff's six FOIA requests has been received, nor has any projected disposition date been provided.

12. As of the date of this complaint, Defendant has failed to: (i) determine whether to comply with the requests; (ii) notify Plaintiff of any such determination or the reasons therefor;

(iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

13. Defendant has not denied Plaintiff's requests nor stated that it is withholding documents; rather, Defendant has failed to provide any response at all. This failure amounts to constructive denial of Plaintiff's legitimate and straightforward FOIA requests.

14. Plaintiff has the statutory right to the requested records pursuant to 5 U.S.C. § 552(a)(3)(A) and there is no legal basis for the Defendant's refusal to disclose them to Plaintiff.

15. Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

16. Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

18. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA requests, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

**WHEREFORE**, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all

nonexempt records to Plaintiff's FOIA requests; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  June 12, 2025 | */s/ Kerri C. Sturm*<br>Kerri C. Sturm, Esquire (ID No. 89838:)<br>**CLARK HILL PLC**<br>One Oxford Centre<br>301 Grant Street, 14th floor<br>Pittsburgh, PA 15219<br>Telephone: 412.394.2306<br>Email: ksturm@clarkhill.com<br><br>*Counsel for Plaintiff, Allegheny Energy Management, LLC* |

'